IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES GRAHAM, # 213413, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:18cv755-ECM |
| ) | [WO] |
| JOHN CROW, *et al.,* ) | |
| ) | |
| Respondents. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by state inmate Charles Graham on August 22, 2018. Doc. No. 1. Graham challenges the February 2002 convictions for first-degree rape, first-degree theft of property, and second-degree burglary entered against him by the Circuit Court of Elmore County, Alabama. The trial court sentenced Graham as an habitual offender to 25 years in prison for the rape conviction and 15 years in prison for the theft and burglary convictions. For the reasons that follow, it is the recommendation of the Magistrate Judge that Graham's § 2254 petition be dismissed as a successive petition filed without the required appellate court authorization.

## DISCUSSION

The instant petition represents Graham's third habeas petition under 28 U.S.C. § 2254 challenging his 2002 Elmore County convictions. Graham filed his first § 2254 petition with this court in November 2002. *See Graham v. State of Alabama, et al.*, Civil Action No. 2:02cv1290-MEF (M.D. Ala. 2003), Doc. No. 1. In that habeas action, the

court denied Graham relief on the claims in his petition and dismissed the case with prejudice. *See id.*, Doc. Nos. 14–16. Graham filed a second § 2254 petition with this court in December 2014. *See Graham v. J.C. Giles, et al.*, Civil Action No. 2:04cv491-WHA (M.D. Ala. 2004), Doc. No. 1. That petition was denied and the cause of action was dismissed under 28 U.S.C. § 2244(b)(3) because Graham failed to obtain the required order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application. *See id.*, Doc. Nos. 6, 9 & 10.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1] 28 U.S.C. § 2244(b)(3)(B) & (C).

---

[1] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

(continued…)

2

Graham's instant § 2254 petition is a successive petition subject to the limitations of § 2244(b). Graham furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive petition for habeas corpus relief. "Because this undertaking [is a successive] habeas corpus petition and because [Graham] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Graham's petition for writ of habeas corpus under 28 U.S.C. § 2254 be denied and that this

---

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

action be DISMISSED under the provisions of 28 U.S.C. § 2244(b)(3)(A), as Graham has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that on or before **October 4, 2018**, the petitioner may file objections to the Recommendation. The petitioner must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Done, on this the 21st day of September, 2018.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge